IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LEODIS RANDLE                                                                    PETITIONER

v.                      NO. 4:20-cv-00393 JM-PSH

COLLEAN BRANHILL                                                             RESPONDENT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Petitioner Leodis Randle ("Randle") began this case by filing a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, Randle maintained that he was represented by Collean Branhill ("Branhill"), a public defender, in Pulaski County Circuit Court case numbers 60CR-17-1754 and 60CR-18-771. He maintained that she abandoned him in the latter case, giving rise to numerous Constitutional violations and causing the sentence he received in that case on February 12, 2020, to be "unlawful." See Docket Entry 1 at CM/ECF 2.

The undersigned reviewed the case in anticipation of ordering service of process. The review gave rise to three concerns. First, Randle failed to accompany his petition with either the five dollar filing fee or a motion for leave to proceed in forma pauperis. Second, Randle erroneously joined the Public Defender's Office/Branhill as the respondent. Last, the records maintained by the Administrative Office of the Arkansas Courts reflect that on March 26, 2020, Randle filed what may be a notice of appeal in 60CR-18-771. See https://caseinfo.arcourts.gov. In the notice, he raised claims substantially similar to, if not identical to, the claims he advanced in the petition at bar.

Given the foregoing concerns, the undersigned ordered, in part, the following on April 22, 2020: 1) Randle was given up to, and including, May 25, 2020, to file a supplement pleading in which he explained the steps he took to first present the factual and legal bases of his claims to the state courts of Arkansas; 2) he was given up to, and including, May 25, 2020, to either pay the filing fee or file a motion for leave to proceed in forma pauperis; and 3) he was given up to, and including, May 25, 2020, to identify his custodial agent. See Docket Entry 2. Randle was warned that in the event he failed to comply with the terms of that order, the Court would recommend that this case be dismissed without prejudice.

The envelope containing the April 22, 2020, order was mailed to Randle at the address he provided the Clerk of the Court ("Clerk") at the commencement of this case, i.e., Saline County Detention Facility, 735 Neeley Street, Benton, Arkansas 72015. The envelope could not be delivered to Randle at that address and was returned marked "not here" and "unable to forward." See Docket Entry 3.

On May 5, 2020, Randle was notified of his obligation to comply with the Federal Rules of Civil Procedure as well as the Local Rules of the United States District Court for the Eastern District of Arkansas. He was specifically notified of Local Rule 5.5(c)(2), which provides the following:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Randle was again warned that in the event he failed to comply with the terms of the April 22, 2020, order, the undersigned would recommend that this case be dismissed without prejudice.

The envelope containing the May 5, 2020, order was mailed to Randle at the only address he has ever provided the Clerk. The envelope could not be delivered to Randle at the address and was returned marked "not here" and "return to sender." See Docket Entry 5.

May 25, 2020, has now come and gone, and Randle has not filed a supplemental pleading, has not either paid the filing fee or filed a motion for leave to proceed in forma pauperis, has not identified his custodial agent, and has not provided his current address. Consequently, it is recommended that this case be dismissed without prejudice. Judgment should be entered dismissing this case without prejudice.

DATED this 9th day of June, 2020.

                                      _____
                                      UNITED STATES MAGISTRATE JUDGE

Case 4:20-cv-00393-JM   Document 6   Filed 06/09/20   Page 5 of 5

5